FILED

**NOT FOR PUBLICATION**

OCT 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN INVESTMENT CORPORATION, | No. 09-15409 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 5:06-cv-03219-JW |
| v. | |
| PEDREGAL DE CABO SAN LUCAS and CAPELLA PEDREGAL - CABO SAN LUCAS, FKA Farallon Spa & Resort, | MEMORANDUM[*] |
| Defendants, | |
| BRENT R. WALDMAN, | |
| Counter-defendant, | |
| and | |
| JUAN DIAZ RIVERA; et al., | |
| Defendants - Appellants, | |
| DESARROLLADORA FARALLON and SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, FKA Desarrolladora Farallon S. De R. L., | |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants-counter-claimants
- Appellants.

RYAN INVESTMENT CORPORATION,

    Plaintiff-counter-defendant - Appellant,

  v.

PEDREGAL DE CABO SAN LUCAS and CAPELLA PEDREGAL - CABO SAN LUCAS, FKA Farallon Spa & Resort,

    Defendants,

BRENT R. WALDMAN,

    Counter-defendant,

  and

JUAN DIAZ RIVERA; et al.,

    Defendants - Appellees,

DESARROLLADORA FARALLON and SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, FKA Desarrolladora Farallon S. De R. L.,

    Defendants-counter-claimants
- Appellees.

No. 09-15702

D.C. No. 5:06-cv-03219-JW

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

Before: THOMPSON, SILVERMAN and McKEOWN, Circuit Judges.


The defendant landowners and related entities appeal the district court's judgment in favor of the plaintiff, Ryan Investment Corporation ("Ryan"), in this diversity suit for breach of an alleged contract relating to the defendants' resort development project. The district court awarded Ryan $1.5 million based upon the court's interpretation of a letter dated August 28, 2002 (the "Letter"). On appeal, the parties dispute whether the Letter is a binding contract or an unenforceable agreement to agree. Ryan contends that if the Letter is not a contract, this court should affirm the district court's award on the alternative theory of quantum meruit.

We review de novo those portions of the district court's decision that are based upon an analysis of the alleged contractual language and application of the principles of contract interpretation. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir. 1985). We review factual findings that are based upon extrinsic

evidence for clear error. *Id.* We have jurisdiction under 28 U.S.C. § 1332, and we reverse and remand to the district court for further proceedings.

Even assuming the Letter is binding on the parties, the district court erred in awarding Ryan contract damages, because Ryan did not perform under the terms of the Letter. The Letter provides that Ryan was to secure financing for the project by obtaining a loan and third party equity investors, and was to locate a hotel operator for the planned resort. Because Ryan did not succeed in obtaining either equity financing or a loan, it did not fulfill the clause in the Letter pursuant to which the district court awarded damages. Ryan is also not entitled to any compensation under the provisions of the Letter that promise Ryan a percentage interest in a venture between the parties, because that venture was never formed. Ryan was therefore not entitled to recover contract damages irrespective of the Letter's enforceability, and we reverse the district court's award in the amount of $1.5 million.[1]

Ryan urges this court to affirm the district court's award on a theory of quantum meruit. Although it did not obtain financial support for the project, Ryan

---

[1] Because we reverse, we need not decide whether the district court properly omitted cross-appellees Juan Diaz Rivera, an individual, and Desarrolladora Farallon, an entity, as judgment debtors.

4

contends it conferred a benefit on the defendants by facilitating the signing of a hotel operator agreement. The district court did not address this issue.

Ryan may be entitled to recover some amount in quantum meruit for having successfully facilitated the signing of the hotel operator agreement. *See Day v. Alta Bates Med. Ctr.*, 119 Cal. Rptr. 2d 606, 609 (Cal. Ct. App. 2002). However, we decline to affirm the $1.5 million judgment on that theory. In California, "[t]he measure of recovery in quantum meruit is the reasonable value of the services rendered, provided they were of direct benefit to the defendant." *Palmer v. Gregg*, 422 P.2d 985, 986 (Cal. 1967). The district court did not attempt to value the services Ryan contends it rendered by facilitating the signing of the hotel operator agreement. On the record before us, we also have difficulty determining whether Ryan properly raised the quantum meruit issue before the district court. Because the district court did not make findings to support a $1.5 million award in quantum meruit, we do not affirm the judgment on this alternative theory of recovery.

Instead, we remand to the district court for determination of: (a) whether Ryan properly raised the issue of quantum meruit before the district court; (b) if so, whether Ryan is entitled to recover under a theory of quantum meruit; and (c) if Ryan is entitled to recover in quantum meruit, the proper amount of the award.

**REVERSED and REMANDED.**

5